## SUPREME COURT.

### HIRAM SLOCUM vs. MYRON WHEELER.

A defendant cannot both demur to, and answer at the same time, a single cause of action alleged in the complaint.

(The case of *Falconer* v. *Meyer*, 2 Code Rep. 49, commented upon and explained.)

*Rensselaer Special Term, June,* 1850.—This was a motion to strike out the demurrer, or the answer to the complaint in this action, or to compel the defendant to elect by which of said pleadings he would abide. The complaint contains but a single cause of action. It alleges that a partnership had existed between the plaintiff and one Nott, of the one part, and the defendant of the other, in the purchase and sale of cattle, and that, in closing the business, there was a loss of $1005.43; for one half of which, by the terms of the partnership, the defendant was liable to the plaintiff, he being also the assignee of the interest of Nott. The defendant both demurred and answered. The pleading commences, by setting forth several distinct grounds of objection to the complaint, concluding such objections as follows: " for which cause the defendant de-

murs to the said complaint. It then proceeds to answer the complaint, by a denial of some of its allegations, and a statement of some new matter, by way of defence.

A. B. OLIN, *for plaintiff.*
G. STOW, *for defendant.*

HARRIS, Justice.—The single question presented by this motion is, whether a defendant may, at the same time, both demur to, and answer the same cause of action alleged in the complaint. The 143d section of the code declares, that the only pleading on the part of the defendant is, a demurrer *or* an answer ; not a demurrer and an answer, but, in the alternative a demurrer *or* an answer. This was also the provision in the 121st section of the code of 1848. The plaintiff was allowed to unite in his complaint several causes of action, and yet no provision had been made authorizing a demurrer to *a part* of the complaint. It was accordingly decided, and very correctly, that, though a complaint contain two or more causes of action, there could not be a demurrer to one, and an answer to another, (*Manchester* v. *Storrs,* 3 Howard, 410.)

To remedy this defect, it was further declared, in the 145th section of the code of 1849, that the demurrer might be taken " to the whole complaint, or to any of the alleged causes of action stated therein." It was also further provided, in the 151st section, that when a defendant should demur to one cause of action stated in a complaint, he might answer *the residue.* Here, it is quite evident, that the framers of the code did not suppose, that a party could, at the same time, demur to, and answer the same pleading. And lest this rule might be carried so far as to preclude a defendant, after he had demurred to one cause of action, badly stated, from putting in a defence to another well stated, the latter section was adopted.

But it is supposed that the defendant's practice is sustained by the 150th section of the code, which provides that " the defendant may set forth by answer, as many defences as he shall have." I do not, however, understand that provision as authorizing both a demurrer and an answer to the same cause of action. It is to be borne in mind, that the section in question, is found in that chapter of the code which treats of *answers,* as distinguished from *demurrers.* The language of the section is satisfied by limiting it to the subject to which the chapter relates. Its import would then be, that the defendant may, by his answer, tender as many issues of fact, as he has grounds of defence. A defendant can only avail himself of a ground of demurrer, by answer, when the objection does not appear on the face of the complaint, (Code, § 14.)

The defendant's counsel has referred to a decision of the Superior Court of New York, as sustaining his practice, (*The People ex rel. Falconer* v. *Meyer*, 2 Code Rep. 49; *Gilbert* v. *Davis*, ib. 50.) I should have great hesitation in differing from the deliberate judgment of that learned court. It was chiefly on this account, that I retained this case for further examination. The reporter's note of the case in the Superior Court does, indeed, state that "a defendant may both demur and answer to the same cause of action. The case itself is very imperfectly reported, but enough appears to show that it was correctly decided, without involving the question under consideration. The action was upon a recognizance. The defendant, after denying some of the facts alleged, and stating new matter by way of defence, reserved to himself the right to object that the complaint did not state facts sufficient to constitute a cause of action, and also, that the court had not jurisdiction of the subject. The defendant also reserved to himself the right to object that no breach of the recognizance was alleged in the complaint, and that it did not state how, in what manner, or to what extent, damages had been sustained by any such breach. This was but another mode of stating the first ground of objection, that the complaint did not state facts sufficient to constitute a cause of action. There was, in fact, no demurrer, or apparent intention to demur. The defendant sought to do for himself, what the Legislature had already done better for him, by the 148th section of the code, which allows the objection to the jurisdiction of the court, and to the sufficiency of the facts stated to constitute a cause of action to be taken upon the trial, though they may not have been taken before. It was an idle, but very harmless thing, and the court very properly refused to strike out that part of the answer.

The decision of Chief Justice Marshall, (2 Brock. 15,) referred to upon the argument of the motion before the Superior Court, can have no bearing upon the construction of the provisions of the code already noticed. The question there arose under a statute of Virginia, which declares that "the plaintiff in replevin, and the defendant in all other actions, may plead as many several matters, *whether of law, or fact*, as he shall think necessary for his defence." (1 Rev. Code Virg. 500, § 88.) There all distinction between a demurrer, and a plea, or answer, is obviously abolished; all matters of defence, of law, as well as of fact, are to be set up by plea.

I need not refer to the inconvenience which would be the necessary result of the adoption of this mode of pleading to the different modes of trial, and the different forms of judgment, upon issues of law, and issues

of fact. Suppose this pleading to stand, and the defendant prevails upon his demurrer, what will become of the issue of fact? Suppose the plaintiff prevails upon the demurrer, what kind of judgment shall he have? Many like difficulties will readily occur, all which are obviated by requiring the defendant to elect, at the outset, in respect to each cause of action, whether he will tender to his adversary an issue of law or of fact. I have no doubt that this is the true meaning of the code. I shall therefore direct that the demurrer be stricken out, unless within twenty days after service of a copy of the rule, the defendant elect to retain the demurrer. In that case the answer is to be stricken out. The plaintiff is entitled to the costs of the motion. If the defendant does not elect to retain his demurrer, the plaintiff must have twenty days after the time for such election expires, to reply to the answer.